Michael James Cronen, California State Bar No. 131087
ZIMMERMAN & CRONEN
1330 Broadway, Suite 710
Oakland CA 94612
telephone:510.465.0828
facsimile:510.465.2041

Attorneys for Plaintiff
FastCap, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FastCap, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>Rousseau Company and Dale Alldredge,<br><br>                Defendants. | Case No.:<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, FastCap, LLC, (hereinafter "Plaintiff" or "FastCap") for its Complaint against Defendants, Rousseau Company and Dale Alldredge, (hereinafter collectively referred to as "Defendants" or "Rousseau"), alleges the following:

**THE PARTIES**

1. Plaintiff is a limited liability company with a principal place of business located in Ferndale, Washington.

2. Upon information and belief, Defendant Rousseau Company, formerly known as The New Rousseau Company, LLC, is an "inactive" Washington State limited liability company, currently operating as a sole proprietorship doing business in this judicial district.

3. Upon information and belief, Defendant Dale Alldredge is an individual doing business in this district and having a place of business located in Clarkston, Washington.

**JURISDICTION AND VENUE**

4. Plaintiff's claims are brought under the Patent Laws of the United States, Title 35 U.S.C. §1 et seq. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1338 in that this case arises under the Patent Act, 35 U.S.C. §1 et seq.

5. Venue is proper in this court under 28 U.S.C. §§ 1332 and 1391 as the judicial district in which the Defendants have promoted, offered for sale, sold, shipped and otherwise marketed their infringing products, and upon information and belief, in which Defendants reside, are doing business, and in which the claims arose and/or a substantial amount of the property that is the subject of the action is situated.

6. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants have conducted business in and directed at California by delivering and selling its products covered by the patent-in-suit into the stream of commerce with the expectation that they will be purchased by consumers in California and in fact have been purchased by consumers within the state of California

**FIRST CAUSE OF ACTION**
**(Patent Infringement)**

7. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

8. This is an action for patent infringement under the Patent laws of the United States, 35 United States Code.

9. On August 30, 2011, United States Letters Patent No. 8,006,727 B1 (hereinafter the "'727 Patent") duly and legally issued to Plaintiff for Plaintiff's invention of a saw dust collection hood for power tools (e.g . miter saws, wood or metal lathes, planers, table saws, tile saws) entitled Protective Cover/Shield for Woodworking Equipment, and since that date Plaintiff has been and still is the owner of those Letters Patent.

10. Defendants have for some time past and still are infringing Plaintiff's '727 Patent by marketing and selling saw dust collection hoods for power tools comprising: a main frame; a secondary frame supported relative to the main frame; a hood supported by the main and

secondary frames; mounting posts to receive mounting holes of the main frame to support the hood; and a locking assembly to secure the mounting posts to the main frame of the hood in a desired orientation relative to the mounting posts, as claimed and disclosed in Plaintiff's '727 Patent. Defendants currently market and sell their infringing saw dust collection hoods under the name "Rousseau 5000 Dust Solution" despite receiving formal notice of Plaintiff's patent rights and Defendants will continue to infringe Plaintiff's '727 Patent unless enjoined by this Court.

11. Defendants are actively and knowingly inducing the infringement of Plaintiff's '895 patent and '304 patent under 35 U.S.C. §271(b) through its marketing and promotional activities and direct contacts in connection with Defendants' infringing saw dust collection hoods for power tools.

12. Defendants are contributory infringers of Plaintiff's '727 Patent under 35 U.S.C. §271(c) because their infringing saw dust collection hoods for power tools are offered for sale and sold within the United States comprising components of Plaintiff's patented invention, and constituting material parts of the invention, knowing that the components are especially made or especially adapted for use in an infringement of the and that they are not staple articles or commodities of commerce suitable for substantial non-infringing use.

13. Defendants' violations of 35 U.S.C. §271 are willful, intentional and malicious.

14. Plaintiff has placed the required statutory notice on all products manufactured and sold by Plaintiff under its '727 Patent, and Plaintiff has given repeated written notices to Defendants advising them of their said infringement.

15. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For temporary, preliminary and permanent injunctions enjoining Defendants from (a) infringing Plaintiff's '727 Patent; (b) engaging in any false or misleading advertising which may, or is likely to, lead the trade or public to believe that any product provided, distributed, or sold by Defendants is in any manner associated with Plaintiff, or is sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff, or which falsely describes the nature, quality or

origin of Plaintiff's products; (c) assisting, aiding or abetting any other person or business entity from engaging or performing any of the activities referred to in sub paragraphs (a) and (b) above.

2. That Defendants, and all those in privity or concert with them who receive actual notice of this order, deliver up to Plaintiff all materials, including the infringing saw dust collection hoods for power tools, in their possession or under their control that infringe upon Plaintiff's '727 Patent.

3. For an award of Plaintiff's compensatory patent damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).

4. For an award of Plaintiff's lost profits and compensatory damages according to proof.

5. For an award of treble damages.

6. For costs and reasonable attorneys' fees as provided by law.

7. For prejudgment and post judgment interest; and

8. For such other and further relief as the Court deems just and proper.

## INTRADISTRICT ASSIGNMENT

Pursuant to Civil L.R.3-2(c), this patent infringement case is an intellectual property action which shall be assigned on a district-wide basis.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury of all issues in this case.

Respectfully submitted,

Dated: June 17, 2015

/s/Michael James Cronen
Michael James Cronen

Attorney for Plaintiff
FastCap, LLC