1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FASTCAP, LLC,

        Plaintiffs,

v.

SNAKE RIVER TOOL CO., LLC DBA
ROUSSEAU COMPANY, et al.,

        Defendants.

Case No.  15-cv-02764-JSC

**ORDER GRANTING DEFENDANTS'
MOTION TO TRANSFER VENUE**

Re: Dkt. No. 28

Plaintiff FastCap, LLC ("FastCap") brings claims of patent infringement against Defendants Snake River Tool Co., LLC dba Rousseau Company ("Snake River Tool") and its President Dale Alldredge ("Alldredge," and together "Defendants").  Now pending before the Court is Defendants' Motion to Transfer to the United States District Court for the Eastern District of Washington.  (Dkt. No. 28.)  After carefully considering the parties' pleadings, and having the benefit of oral argument on October 29, 2015, the Court GRANTS Defendants' Motion and TRANSFERS this case to the Eastern District of Washington.

**FACTUAL AND PROCEDURAL HISTORY**

FastCap is a Washington limited liability company with its principal place of business in Ferndale, Washington.  (Dkt. No. 11 ¶ 1.)  FastCap's members also reside in Washington.  (Dkt. No. 28-2 ¶ 7.)  The 8,006,727 B1 patent ("the '727 Patent"), issued to FastCap on August 30, 2011, pertains to its "Protective Cover/Shield for Woodworking Equipment," a "saw dust collection hood for power tools."  (Dkt. No. 11 ¶ 9.)  The '727 patent's first- and second-named inventors are "identified at" addresses in Washington, and the attorney who wrote and prosecuted the patent practices law in Washington.  (Dkt. No. 28-2 ¶¶ 10, 11.)

Snake River Tool is an Idaho limited liability company: its members, including Alldredge, reside in Idaho.  (Dkt. No. 28-3 ¶¶ 3-4; Dkt. No. 38-2 at 2.)  Its principal place of business is in Clarkston, Washington.  (Dkt. No. 28-3 ¶ 4.)  The business employs four people, each of whom had a part in the manufacture, sale or marketing of the Rousseau 5000.  (Dkt. No. 28-3 ¶ 9.)  FastCap alleges the Rousseau 5000 infringes the '727 patent.  (Dkt. No. 11 ¶ 10.)

Snake River Tool has no physical business locations outside of Washington, but its products still reach most or all 50 states, including California.[1]  (Dkt. No. 28-3 ¶¶ 5, 8.)  The company sells products through sellers and distributors across the United States.  (Dkt. No. 39 ¶¶ 4-5 (listing distributors based in New Mexico, Utah, New York, Virginia, and Maryland).)  Four resellers are in Spokane, Washington.  (Dkt. No. 43 ¶ 5.)  Two distributors are located in California: Woodcraft, in San Carlos and Sacramento, and Mike's Tools of Santa Ana.  (Dkt. No. 11 ¶ 2; Dkt. No. 39 ¶¶ 4-5.)  Snake River Tool does not attend trade shows in, send sales people to, or employ anyone in California.  (Dkt. No. 28-3 ¶¶ 6-7.)  Neither Snake River Tool nor FastCap is registered to do business in California.  (Dkt. No. 28-2 ¶¶ 8-9.)

FastCap filed suit in this District on June 19, 2015, and filed its First Amended Complaint ("FAC") on July 24, 2015.  (*See* Dkt. Nos. 1, 11.)  In the FAC, FastCap alleges one cause of action: patent infringement under 35 U.S.C. § 271.  (Dkt. No. 11 ¶ 7-15.)  Defendants subsequently filed the pending Motion to Transfer Venue to the Eastern District of Washington pursuant to 28 U.S.C. § 1404(a).[2]  (Dkt. No. 28.)

---

[1] For example, FastCap's lawyer purchased the Rousseau 5000 from one of Snake River Tool's distributors and had it delivered to Lafayette, California.  (Dkt. No. 38 ¶ 4; Dkt. No. 38-3 at 2.)

[2] In their motion, Defendants sometimes refer to *forum non conveniens* as well as Section 1404(a).  (*See, e.g.*, Dkt. No. 28 at 9.)  The Court understands Defendants to move for transfer under Section 1404(a) alone.  Unlike Section 1404(a), a *forum non conveniens* is "a drastic exercise of the court's 'inherent power'" because, unlike a mere transfer of venue, it results in the dismissal of a plaintiff's case."  *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011).  Further, Section 1404(a) displaced the common law doctrine of *forum non conveniens*: "[i]n passing § 1404(a), Congress intended to permit courts to grant transfers upon a lesser showing of inconvenience than was needed for dismissal under the doctrine of *forum non conveniens*."  *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (internal quotation marks omitted).  Some of the factors from the *forum non conveniens* analysis have nonetheless been included in the Section 1404(a) analysis.  *See, e.g.*, *Arete Power, Inc. v. Beacon Power Corp.*, No. C 07-5167 WDB, 2008 WL 508477, at *2-3 (N.D. Cal. Feb. 22, 2008) (discussing cases finding "factors affecting the convenience of the forum are helpful in deciding" a

United States District Court
Northern District of California

**LEGAL STANDARDS**

The Court has discretion to transfer a case to another district pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Because a motion to transfer does not involve substantive issues of patent law, Defendants' motion is governed by regional circuit law." *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12cv911-IEG, 2012 WL 2068728, at *2 (S.D. Cal. June 8, 2012).

In deciding whether to transfer a case pursuant to Section 1404(a), "[t]he transferor court must first determine whether the action might have been brought in the transferee court, and then the court must make an individualized, case-by-case consideration of convenience and fairness." *Ctr. for Biological Diversity & Pac. Env't v. Kempthorne*, No. C-07-0894, 2007 WL 2023515, at *3 (N.D. Cal. July 12, 2007) (internal quotation marks omitted); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (same). "The moving party bears the burden of showing that jurisdiction and proper venue would exist in the district to which a transfer is requested." *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *1 (N.D. Cal. Oct. 14, 2003). To determine convenience and fairness, this District commonly articulates the following relevant factors in a motion to transfer venue:

> (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to evidence; (5) familiarity of each forum with applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum.

*Martin v. Global Tel*Link Corp.*, No. 15-cv-00449-YGR, 2015 WL 2124379, at *2 (N.D. Cal. May 6, 2015); *see also Jones*, 211 F.3d at 498-99 (articulating additional factors to consider such as "respective parties' contacts with the forum" and "differences in the costs of litigation in the two forums"). "No single factor is dispositive." *Ctr. for Biological Diversity v. Kempthorne*, No. C 08-1339 CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008). Instead, "[w]eighing of these

Section 1404(a) motion to transfer).

United States District Court
Northern District of California

factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).  Further, "[t]his list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand."  *Global Tel*Link*, 2015 WL 2124379, at *2.

"It is not enough for the defendant to merely show that it prefers another forum, and transfer will also not be allowed if the result is merely to shift the convenience from one party to another."  *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014); *see also Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP, 2006 WL 4568799, at *2 (C.D. Cal. Feb. 27, 2006) (defendant "must demonstrate that the present forum will result in a clear balance of inconvenience to him or her").  In connection with motions to transfer, courts should only consider undisputed facts supported by affidavits, depositions, stipulations, or other relevant documents.  *See Midwest Precision Servs., Inc. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983).  Vague generalizations or conclusory declarations are insufficient to meet this burden.  *See Forte Capital Partners v. Harris Cramer*, No. C07-01237 MJJ, 2007 WL 1430052, at *2 (N.D. Cal. May 14, 2007).

**DISCUSSION**

**A.      Objections to Evidence in Reply Brief**

Before reaching the substance of the Section 1404(a) inquiry, the Court will address FastCap's objection to, and request to strike, certain evidence in Defendants' reply.  (*See* Dkt. No. 44.)  Under Civil Local Rule 7-3(c), "[a]ny reply to an opposition may include affidavits or declarations."  However, "[i]f new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence.  Civ. L.R. 7-3(d)(1).  In doing so, "the objecting party should state some substantive challenge to the evidence to which he or she objects."  *Simpson v. Best Western Int'l, Inc.*, No. 3:12-cv-04672-JCS, 2012 WL 5499928, at *2 (N.D. Cal. Nov. 13, 2012).

Defendants' reply refers to the separately filed Second Declarations of Mark Hendricksen and Dale Alldredge.  (*See* Dkt. Nos. 41-43.)  Mr. Hendricksen's declaration (i) describes his experience crossing the bridge from Lewiston, Idaho, to Clarkston, Washington, (ii) lists four FastCap distributors in Spokane, gleaned from his review of FastCap's website, and (iii) provides

specific distances between the Eastern District of Washington and relevant locations for FastCap and defendants.  (Dkt. No. 42 ¶¶ 4-6; Dkt. No. 42-1.)  Mr. Alldredge's declaration indicates (i) Snake River Tool sells its products through the same Washington distributors as FastCap, and (ii) Mr. Andy Alldredge, a potential witness listed in Defendants' motion to transfer, is a Lewiston, Idaho resident.  (Dkt. No. 43 ¶¶ 5-7.)  FastCap timely objected under Civil Local Rule 7-3(d)(1), and requested the Court strike the information as new evidence the Defendants failed to provide in the original motion.  (*See* Dkt. No. 44 at 2-4.)  As this evidence merely responds to arguments FastCap raised in its Opposition, (*see* Dkt. No. 36 at 5-7, 10, 13 (discussing distances); *id.* at 8, 12 (highlighting Defendants' failure to provide Andy Alldredge's residency)), or elaborates on points made in Defendants' motion (*see* Dkt. No. 28 at 8 (identifying Andy Alldredge as potential witness); *id.* at 11 (indicating businesses in Washington also sell the accused product)), the Court OVERRULES FastCap's objections.

**B.      Section 1404(a) Transfer**

Defendants seek to transfer this patent infringement action to the Eastern District of Washington where both FastCap and Snake River Tool operate their principal places of business. Defendants do not challenge venue in this District, nor do Plaintiffs dispute that they could have filed suit in the Eastern District of Washington.  Instead, the parties focus their arguments on the convenience and fairness factors discussed below.

**1.      The Action Could Have Been Brought in the Eastern District of Washington**

Plaintiffs do not dispute the case might have been brought in the proposed court; nonetheless, Defendants bear the burden of showing that jurisdiction and venue would be proper. The Court cannot assume or consider waiver of jurisdictional issues on a 1404(a) transfer.  *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) ("[T]he power of a District Court under [Section] 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."); *see also Commercial Lighting Prods., Inc. v. U.S. Dist. Ct.*, 537 F.2d 1078, 1079 (9th Cir. 1976) (finding "defendants' consent to the transfer is irrelevant").  Instead, the Court may only transfer after determining the transferee court's propriety.  *See Int'l Patent Dev. Corp. v. Wyomont Partners*, 489 F. Supp. 226, 229 (D. Nev. 1980) (recognizing under

*Hoffman* that "the determination of transferability must be made as of the time of filing the action in the transferor district").

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "In assessing whether a defendant has a regular and established place of business in a district, the court determines whether the defendant does business in the district through a permanent and continuous presence there." *MTEC, LLC v. Nash*, No. CV 08-563-AC, 2008 WL 4723483, at *7 (D. Or. Oct. 20, 2008).

Snake River Tool's principal and only physical business location is in Clarkston, Washington, in the Eastern District. (Dkt. No. 28-3 ¶¶ 4-5.) The business employs four people, all of whom played some part in the manufacture, sale or marketing of the allegedly infringing product. (Dkt. No. 28-3 ¶ 9.) As for Alldredge, Snake River Tool's President, FastCap itself alleges he is an individual with a place of business in Clarkston, Washington, engaging in acts of infringement. (Dkt. No. 11 ¶ 3; Dkt. No. 28-3 ¶ 2.) The Eastern District of Washington is thus a proper venue as both defendants allegedly committed acts of infringement in the district and have a regular and established place of business there. *See Data Retrieval Tech., LLC v. Sybase, Inc.*, No. C08-1702 RSM, 2009 WL 960681, at *2 (W.D. Wash. Apr. 8, 2009) ("no question" action could have been brought in transferee district where "all parties have their principal place of business").

### 2.    Convenience and Fairness Considerations Weigh in Favor of Transfer

#### a.    The Plaintiff's Choice of Forum

"[A] plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). However, "[t]he degree to which courts defer to the plaintiff's venue choice is substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Fabus Corp. v. Asiana Express Corp.*, No. C-00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001); *see also Tulane Cnty. Audubon Soc. v. Espy*, No. C-93-1595 EFL, 1993 WL 204326, at *2 (N.D. Cal. June 3, 1993) ("[T]he weight of this consideration is mitigated where a plaintiff has commenced an action in a forum that is not his

or her residence."); *Ririe v. Claritas Corp.*, No. C-89-3731 MHP, 1990 WL 126559, at \*2 (N.D. Cal. Apr. 27, 1990) (discounting plaintiff's choice of forum where "the forum chosen is neither plaintiff's domicile nor defendant's place of business, nor is there a significant connection with the subject matter").  "In judging the weight to be accorded [the plaintiff's] choice of forum, consideration must [also] be given to the extent of [the parties'] contacts with the forum, including those relating to [the plaintiff's] cause of action."  *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)).

Here, the Court gives substantially reduced deference to FastCap's choice of forum because FastCap lacks any meaningful connection to this District.  FastCap averred that it and Defendants "have substantial and systematic contacts with California," and that the state is "one of the largest centers of economic activity for *both* parties."  (Dkt. No. 36 at 11 (emphasis added).) However, FastCap does not support these assertions with any evidence or indicate what economic activities it conducts in this state.  (*Id.*)  FastCap also does not dispute Defendants' assertions that FastCap has no California businesses or employees and that Washington is the principal and *only* place of business for *both* companies.  (Dkt. No. 28-2 ¶¶ 4, 8-9.)

FastCap's choice also receives less deference because the facts giving rise to this lawsuit occurred only tangentially in California as compared to Washington.  The Court's primary inquiry on this factor is "to identify the principal location of the legally operative facts—and in patent cases that location generally is where the allegedly infringing product was designed, developed and produced."  *Arete Power*, 2008 WL 508477, at \*5; *see also Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005) ("In patent infringement actions, the preferred forum is that which is the center of gravity of the accused activity.") (internal quotation marks omitted).  Snake River Tool's principal and only place of business is in Clarkston, Washington, and its four employees were involved in manufacturing, selling, and marketing the allegedly infringing product.  (Dkt. No. 28-3 ¶¶ 4-5, 9, 11.)  The business that machined and fabricated steel parts for the allegedly infringing product is also in Clarkston.  (Dkt. No. 28-3 ¶ 11(f).)  By contrast, California is just one of several states with a distributor or reseller of the allegedly infringing product.  (Dkt. No. 11 ¶ 6; Dkt. No. 39 ¶ 5.)  The Eastern District of Washington therefore has more connection to the relevant facts than the Northern District.  *See, e.g.*, *Cung Le*

*v. Zuffa, LLC*, 5:14-cv-05484-EJD, 2015 WL 3488769, at \*6 (N.D. Cal. June 2, 2015) (giving less deference to plaintiffs' choice where "despite the attempt to create some strong connection to San Jose, Plaintiffs filed . . . in a district where very few of the operative facts occurred" and finding proposed transferee venue had a "considerably strong" interest as "Defendant is headquartered there and conducts a substantial amount of business in" the area); *Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-05205 YGR, 2014 WL 715082, at \*4 (N.D. Cal. Feb. 14, 2014) (reducing deference to plaintiffs' choice of forum where plaintiffs . . . resided in the proposed district, and current district's "connection to the activities alleged . . . [were] significantly weaker than [the proposed district's] connection," as most of the incidents giving rise to the action occurred in the proposed district).

Fastcap's choice of forum therefore receives little deference as FastCap possesses few ties to California and far more of the facts giving rise to this case occurred in Washington.

**b.    The Convenience of the Parties**

For this factor, the Court considers the relative convenience of each district court and finds in favor of transfer when the transferee court will increase the parties' overall convenience. *See Arete Power*, 2008 WL 508477, at \*6 ("The law requires us to examine the convenience of all the parties, not just the plaintiff—and to try to identify the forum where the net inconvenience (to all parties) would be least."); *see, e.g.*, *Cung Le*, 2015 WL 3488769, at \*6 (finding this factor "weighs strongly in favor of the transfer [where] this district is not particularly convenient for a majority of those involved"); *Newegg, Inc. v. Telecomm. Sys.*, No. C 09-0982 JL, 2009 WL 1814461, at \*3 (N.D. Cal. June 23, 2009) (finding that only by transferring "can the Court maximize the overall gain in convenience to the largest number of the parties and witnesses . . . . particularly where, as here, the litigation has absolutely no connection to this District.").

Unlike many Section 1404 requests, Defendants seek transfer to a state where both parties have their principal and only physical offices: Washington.  (Dkt. No. 28-2 ¶ 4; Dkt. No. 28-3 ¶¶ 4-5.)  FastCap's governing persons are identified with Washington addresses, as are the inventors of the '727 Patent and the attorney that litigated the patent application.  (Dkt. No. 28-2 ¶¶ 7, 10-11.)  Seaport Machine, a company that performed the machining and fabrication of steel parts for the allegedly infringing product, is in Clarkston, Washington.  (*Id.* ¶ 11(f).)  Alldredge lives, in his

words, "across the river" in Idaho, but he works for Snake River Tool and was at the Clarkston office to receive service of process in this case. (Dkt. Nos. 12, 13; Dkt. No. 28-3 ¶ 3.) By contrast, the parties lack any physical presence in California: they have no businesses or employees here, nor are they registered to do business in this state. (Dkt. No. 28-2 ¶¶ 8-9; Dkt. No. 28-3 ¶ 6.) Transfer in these circumstances would not shift the inconvenience from Defendants to FastCap, but would increase the convenience for both parties. *See, e.g.*, *FTC v. Wright*, No. 2:13-cv-2215-HRH, 2014 WL 1385111, at *3 (D. Ariz. Apr. 9, 2014) (finding transferee court more convenient for parties in "the state in which all of the corporate parties have their principal places of businesses and where the [individual defendants] live"); *Newman v. Sherman*, No. C05-2989 SBA, 2005 WL 2739299, at *8 (N.D. Cal. Oct. 24, 2005) (finding factor in favor of transfer "when it [wa]s beyond dispute that the distance both parties would have to travel to litigate th[e] action in [transferee court w]as *significantly less* than the distance to California") (emphasis in original).

FastCap disagrees that Washington is a convenient forum. (Dkt. No. 36 at 6, 10, 13; Dkt. No. 39 ¶ 3.) FastCap filed suit in California, not its home forum, thus implicitly rebutting the notion Washington is more convenient to it. *See Flint v. UGS Corp.*, No. C07-04640 MJJ, 2007 WL 4365481, at *3 (N.D. Cal. Dec. 12, 2007) (court not persuaded by Defendant's argument "that because Plaintiff resides within the [transferee district], it would be more convenient for Plaintiff if the case was transferred there [because] Plaintiff actively chose to bring th[e] case within the Northern District, and the Court regards that decision as an implicit rejection of Defendant's hypothesis."). Even so, FastCap is a nonresident plaintiff, and "[i]n weighing this factor, courts do not consider the convenience to parties that have chosen to bring a case in a forum where they do not reside." *Brown*, 2014 WL 715082, at *4.

In any event, the Eastern District of Washington is far more convenient for Defendants. Snake River Tool is a small company located in the Eastern District. A trial there would protect Snake River Tool from the "substantial operational and financial hardship" it would face if forced to send all four of its employees to the Northern District of California for trial. (Dkt. No. 28-3 ¶ 10.) Also Alldredge is an individual defendant who would be present not only for trial, but for other phases of the litigation such as a *Markman* hearing. Proceeding in the Eastern District of

Washington would save Alldredge from incurring the costs of traveling and staying overnight in the Northern District throughout the life of this litigation.  This factor thus weighs in favor of transfer.

### c.    The Convenience of the Witnesses

"The convenience of witnesses is often the most important factor in resolving a motion to transfer.  The trial court looks at who the witnesses are, where they are located, and the relevance of their testimony."  *Bunker v. Union Pac. R.R. Co.*, No. C 05-04059, 2006 WL 193856, at *2 (N.D. Cal. Jan. 23, 2006).  "[T]he convenience of a party's employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue." *Nicholas Thanos, M.D. v. Unum Life Ins. Co.*, No. 15-cv-03616-YGR, 2015 WL 5770786, at *3 (N.D. Cal. Oct. 2, 2015).  The Court instead accords more weight to the convenience of non-party witnesses in its analysis.  *See id.* at *3 ("[T]he convenience of non-party witnesses is more important than the convenience of the parties.").  This is because "[t]he convenience of witnesses includes a separate but related concern, the availability of compulsory process to bring unwilling witnesses live before the jury."  *TransPerfect Global, Inc. v. Motionpoint Corp.*, No. 10-02590 CW, 2010 WL 3619565, at *3 (N.D. Cal. Sept. 13, 2010) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 45(c):

> [a] district court may only subpoena a witness to compel attendance at a [trial, hearing, or deposition] if (1) that witness resides, is employed, or regularly transacts business in person within 100 miles of the proceeding; or (2) the witness resides, is employed, or regularly transacts business in person in the same state as the proceeding and the witness "would not incur substantial expense" if compelled to attend.

*Baker v. Bayer Healthcare Pharms.*, No. 13-cv-00490-TEH, 2015 WL 4456085, at *3 (N.D. Cal. July 21, 2015).

Defendants identify six potential witnesses "as to the design, development, manufacture and sale" of the allegedly infringing products.  (Dkt. No. 28-3 ¶ 11).  The first, Alldredge, is an Idaho resident and named defendant with "knowledge and potential relevant testimony to the design, development, marketing and sales of the" product.  (*Id.* ¶¶ 3, 11(a).)  Dan Morgan, a Snake River Tool employee with an unknown residency, has "knowledge and potential relevant testimony to the design, development, and manufacturing of the Rousseau 5000."  (*Id.* ¶ 11(b).)

United States District Court
Northern District of California

10

United States District Court
Northern District of California

Two former employees share the same knowledge and potential testimony as Mr. Morgan: Carl Paulson and Andy Alldredge, both Idaho residents. (*Id.* ¶¶ 11(c), (d); Dkt. No. 43 ¶ 7.) Marie Price, a current or former Blue Mountain Design employee and "Clarkston, Washington – Lewiston, Idaho area" resident, "participated in sewing some of the initial and test hoods" for the alleged product. (Dkt. No. 28-3 ¶ 11(e).) Finally, Kim Giest, Jr., a Seaport Machine employee of unknown residency, has knowledge as to the manufacture of steel parts for the alleged product.[3] (*Id.* ¶ 11(f).)

Defendants make a weak showing in support of this factor. Alldredge is a defendant in this case and will attend trial regardless. *See Romanowski v. RNI, LLC*, No. C 06-6575 PJH, 2007 WL 323019, at *7 (N.D. Cal. Jan. 31, 2007) (discounting purported inconvenience when listed witness was "a party, not a witness"). Mr. Morgan, as a current employee, can be compelled to testify wherever the trial is held. Two of the remaining witnesses—Ms. Price and Mr. Giest, Jr.—have no clear residency. Defendants also do not argue that any of its non-party witnesses are unwilling to testify if the case proceeds in California. *See Kina v. United Air Lines, Inc.*, No. C 08-4358 PJH, 2008 WL 5071045, at *6 (N.D. Cal. Dec. 1, 2008) (convenience of witnesses factor did not weigh in favor of transfer where defendants did not show witnesses unavailable for trial in current forum). Defendants further fail to allege any prejudice they would suffer if those witnesses could not testify. *See Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, No. C 14-0437 CW, 2014 WL 5695051, at *3 (N.D. Cal. Nov. 4, 2014) (factor weighed against transfer where defendants failed to show prejudice from inability to compel non-party witnesses and plaintiffs identified several California witnesses that could be compelled). This does not outweigh the reality that Defendants "did not manufacture any products in California, and did not have any employees or documents in California" and "most if not all of the witnesses who will testify in this matter" are in or near the Eastern District of Washington. *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147-48 (C.D. Cal. 2009) (finding factor in favor of transfer) (internal quotation marks omitted). Litigation costs also decrease "when venue is located near the most witnesses expected to testify." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013.)

---

[3] The residency of these witnesses as described contradicts Defendants' assertion that all of these witnesses are in Washington. (*See* Dkt. No. 28 at 11.)

FastCap identifies only one non-party witness located in this District: Defendants' distributor Woodcraft, located in San Carlos, California. (Dkt. No. 39 ¶ 4.) FastCap identifies two other California sellers or distributors of Snake River Tool's allegedly infringing product—Woodcraft in Sacramento and Mike's Tools in Santa Ana—but does not address whether these companies, located outside of the Northern District, are likewise subject to compulsory process. (*See* Dkt. No. 36 at 12 (indicating only that "[i]n this case, nonparty witnesses such as Woodcraft of San Carlos, are within the subpoena power of this Court, but not within the subpoena power of the Eastern District of Washington.").) *See also Baker v. Bayer Healthcare Pharms.*, No. 13-cv-00490-TEH, 2015 WL 4456085, at *3 (N.D. Cal. July 21, 2015) (noting in a Section 1404 case that, under Rule 45, "compulsory process of witnesses is not guaranteed for witnesses in Southern California" if litigation proceeded in the Northern District). FastCap argues these distributors are central to its infringement claim and asserted at oral argument that these witnesses would speak to Defendants' willful infringement of the '727 Patent. (*Id.* at 11.)

While the Court usually gives more weight to non-party witnesses, it also does not accept FastCap's assertions on their face. *See In re Genentech, Inc.*, 566 F.3d 1338, 1343-44 (Fed. Cir. 2009) (noting the "district court should assess the relevance and materiality of the information the witness may provide.") FastCap has not explained how or why these distributors differ from the many non-California distributors FastCap says also sell the allegedly infringing product. (*See* Dkt. No. 39 ¶ 5; Dkt. Nos. 39-1, 39-2 (describing distributors based in New Mexico, Utah, New York, and Maryland).) Defendants identified distributors in Washington that sell both FastCap's products and the allegedly infringing product. (Dkt. No. 42 ¶ 6; Dkt. No. 43 ¶¶ 5-6.) In fact, Defendants presented evidence that Woodcraft, the only potential non-party witness FastCap would lose in the event of transfer, operates as a franchisor and has a location in Spokane. (Dkt. No. 43 ¶ 6.) Finally, FastCap has not explained how the importance of these distributor witnesses outweighs the potential loss of those witnesses in Washington with knowledge of the allegedly infringing product's design and manufacture. FastCap simply urges the Court to find Defendants failed to identify any key non-party witnesses in Washington and therefore failed to meet their burden. (*See* Dkt. No. 36 at 12-13.)

The convenience of the witnesses factor ultimately weighs in favor of transfer despite FastCap's potential loss its non-party witnesses, as similar witnesses are available in Washington and most if not all witnesses relevant to the development of the allegedly infringing product are located in or near the Eastern District of Washington as well.

### d.    Ease of Access to Evidence

Overall, "[t]he weight of this factor has decreased as technological advances in document storage and retrieval have greatly reduced the burden of transporting documents between districts." *TransPerfect Global*, 2010 WL 3619565, at *4. Even so, "[c]osts of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored." *Dole Fresh Vegetables*, 964 F. Supp. 2d at 1095. And "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

Washington is central to the majority of the events—and the evidence of those events—at issue in this litigation. Snake River Tool's only physical location is in Clarkston, Washington. (Dkt. No. 28-3 ¶ 5.) It employs four people, all of whom have knowledge as to the allegedly infringing product's manufacture, sale, or marketing. (*Id.* ¶ 9.) One of the companies involved in the machining and fabrication of the product's steel parts is in Clarkston. (*Id.* ¶ 11(f).) Further, Defendants indicated the potential need to present and transport a miter saw for demonstrative purposes. (Dkt. No. 41 at 7.) This factor therefore weighs in favor of transfer. *See Diamond-Chase Co. v. Stretch Devices Inc.*, No. CV 90-1808 DT, 1990 WL 10072475, at *2 (C.D. Cal. May 29, 1990) (finding transfer in favor of defendant where "defendant ha[d] demonstrated that the evidence it will present is bulky and heavy and that transport of these items to the [transferor court] will be burdensome").

### e.    Familiarity of Each Forum with Applicable Law

This factor is neutral because this case arises from federal law. *See, e.g.*, *Wright*, 2014 WL 1385111, at *2 (D. Ariz. Apr. 9, 2014) ("This factor is neutral because this case involves federal claims."). Defendants do not argue the Eastern District of Washington is more familiar with federal patent law than this District. And while FastCap contends that the Northern District's

experience with patent infringement issues and patent rules make it an appropriate forum for this case (Dkt. No. 36 at 15), this District rejects the argument that its local rules weigh against transfer. *See TransPerfect Global*, 2010 WL 3619565, at *5 (noting that while some courts give weight to a forum's local patent rules and general experience, this factor ultimately neutral because transferee court could be asked to use Northern District's patent rules); *Arete Power*, 2008 WL 508477, at *12 ("We certainly cannot presume that simply because we have promulgated a set of procedural rules that presumptively apply to patent cases that our judges will manage such cases with greater sophistication or efficiency than the judges of the [transferee court].").

### f.    Feasibility of Consolidation of Other Claims

The parties have not identified any ongoing litigation pertaining to the patent-in-suit. FastCap has indicated that it is may add the California Distributors as defendants and that, if they do so, "[d]ifficult questions of personal jurisdiction and venue may arise" and lead to multiple ongoing lawsuits. (Dkt. No. 36 at 15; Dkt. No. 39 ¶ 6.) Such potential is speculative, as Plaintiffs have not in fact added the California Distributors. This factor is neutral.

### g.    Any Local Interest in the Controversy

Defendants argue the Northern District has no interest in this case's outcome, but the Eastern District of Washington does as Snake River Tool is a small business within the state and employs local people. (Dkt. No. 28 at 12.) Although California has a "strong interest in protecting its citizens and companies from patent infringement[,]" *Telemac Corp. v. Phonetec LP*, No. C 04-1486 CW, 2005 WL 701605, at *5 (N.D. Cal. Mar. 25, 2005), that interest is reduced when the plaintiff is not a California resident. *See TransPerfect Global*, 2010 WL 3619565, at *4 ("Because Plaintiffs are not residents of California, its interest in this controversy is reduced."). It is also outweighed by Washington's interest where the allegedly infringing device was designed and both parties operate their businesses. *See Tessenderlo Kerley, Inc. v. D & M Chem., Inc.*, No. C 11-03955 CRB, 2011 WL 5362080, at * (N.D. Cal. Nov. 7, 2011) ("[C]alifornia has no interest in resolving a dispute between two foreign companies" while "[o]n the other hand, the Eastern District of Washington would seem to have an interest in resolving a dispute between two companies that do substantial business there."); *cf. Motorola Mobility, Inc. v. Microsoft Corp.*, No. 11-3136 SC, 2011 WL 5834923, at *7 (N.D. Cal. Nov. 21, 2011) (factor neutral where defendants

have principal place of business in Washington but also a significant presence in the Northern District of California). This factor therefore weighs in favor of transfer.

### h.    The Relative Court Congestion and Time to Trial in Each Forum

The parties did not provide any evidence as to relative congestion or time to trial in each forum.  This factor is neural.

### i.    Conclusion as to Convenience Factors

In sum, Defendants' burden for showing convenience decreases where, as here, a nonresident plaintiff brings suit in a court where few of the events giving rise to this suit occurred. The convenience of the parties, the convenience of the witnesses, ease of access to evidence, and local interest in the controversy factors also weigh in favor of transfer to the Eastern District of Washington.  The remaining factors are neutral.  Taking all of the relevant factors into consideration, the Court concludes that Defendants have shown that a transfer to the Eastern District of Washington is in the interest of justice and convenience.

### CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion and TRANSFERS this case to the Eastern District of Washington.

**IT IS SO ORDERED.**

Dated: November 6, 2015


_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge